# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY WILLIAMS,

        Plaintiff,

v.                                                       Civil Action No. 1:12cv174
                                                       (Judge Keeley)

TERRY O'BRIEN, et al.,

        Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The *pro se* plaintiff initiated this case on November 16, 2012, by filing a civil rights complaint against a number of defendants concerning events at U.S.P Hazelton. On December 7, 2013, the plaintiff filed his complaint on this Court's approved form. On December 7, 2012, the plaintiff also filed a Motion for Order to Show Cause For An [sic] Preliminary Injunction And A Temporary Restraining Order. Specifically, the plaintiff seeks an Order directing the defendants to: (1) allow him access to the law library; (2) deliver his meals in a timely fashion; (3) deliver meals at a proper temperature; (4) provide meals that are nutritional; (5) stop harassing and threatening him; (6) immediately release him from the Special Housing Unit ("SHU"); and (7) provide adequate medical treatment.

The standard for granting injunctive relief in this circuit is set forth in <u>Real Truth About Obama, Inc. v. Federal Election Comm'n</u>, 575 F.3d 342 (4th Cir.2009). As articulated in <u>Real Truth</u>, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public

interest." *Id*. at 346 (citations omitted).

The undersigned notes that an inquiry by his staff, establishes that the plaintiff was released from the SHU at 3:30 p.m. on December 12, 2012, five days after his motion was filed. Accordingly, the plaintiff's claims for injunctive relief regarding the SHU are moot. Moreover, to the extent that the plaintiff requests an Order providing for "nutritional" meals served at "proper" temperature, and adequate medical treatment, the plaintiff has failed to set forth any specific information that would indicate that he is likely to succeed on the merits or that he will suffer irreparable harm without said relief. Instead, the plaintiff makes general claims for relief without any underlying factual support.

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 12) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: July 25, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE