IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY WILLIAMS,**

    **Plaintiff,**

v. // CIVIL ACTION NO. 1:12CV174
(Judge Keeley)

**TERRY O'BRIEN, Warden,
ODOM, Assoc. Warden,
B. GILMORE, Captain,
D. HUFF, Lieutenant,
SPOLAN, Lieutenant,
DR. FANNING, GREGORY MIMS,
Clinical Director,
CHRISTOPHER MEYER, P.A.,
DEVIN KRAMER, R.N.,
WILSON, Unit Counselor,
DIXON, Case Manager,
LEMASTER, Unit A-1 Manager,
NEWSOME, Correctional Officer,
J. SANDERS, Correctional Officer,
J. TAROVISKY, Correctional Officer,
SQUIRES, Lieutenant, and
JOHN DOES,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 16, 2012, the pro se plaintiff, Anthony Williams ("Williams"), filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging the violation of his constitutional rights while incarcerated at United States Penitentiary Hazelton ("USP Hazelton"). On December 7, 2012, Williams filed a Motion for Order to Show Cause for An [sic] Preliminary Injunction And A Temporary Restraining Order (dkt. no. 12), in which he sought an order from the Court directing the defendants to: (1) allow him access to the

law library; (2) deliver his meals in a timely fashion; (3) deliver meals at a proper temperature; (4) provide meals that are nutritional; (5) stop harassing and threatening him; (6) immediately release him from the Special Housing Unit ("SHU"); and (7) provide adequate medical treatment.

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On July 25, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Williams' motion for a preliminary injunction and temporary restraining order be denied as moot because Williams is no longer housed in the SHU, which was the focus of his claims for injunctive relief. (Dkt. No. 23).

The R&R also specifically warned Williams that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections.[*] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety

---

[*] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

(dkt. no. 23) and **DENIES** the motion for a preliminary injunction and temporary restraining order. (Dkt. No 12).

It is so **ORDERED.**

The Court directs the Clerk to transmit this Order to counsel of record and to the pro se plaintiff by certified mail, return receipt requested.

Dated: August 16, 2013.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE